UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

JOE LEWIS YOUNG,

        Plaintiff,

v.          Case No. 3:07-cv-03325

ANTHONY LIBRI,
E.L.D

        Defendants.

MEMORANDUM OPINION AND ORDER

INTRODUCTION

    Before the court are the defendant Libri and defendant E.L.Ds' motion to dismiss [20] and the plaintiff's response [23]. Anthony Libri is the Clerk of Sangamon County Circuit Court. E.L.D. is a clerk in the Sangamon County Circuit Court. The plaintiff, Joe Lewis Young, has submitted a complaint under 42 U.S.C. § 1983 against the defendants Anthony Libri and E.L.D. [1]. The plaintiff alleges the defendants violated his rights under the First and the Fourteenth Amendments to the United States Constitution by depriving him of the right of access to the court, and due process and equal protection of the law. The plaintiff prays for the following relief: (1) a declaration by this court that the defendants violated his First and Fourteenth Amendment under the United States Constitution; (2) an injunction ordering the defendants to provide a copy of the dismissal order in the underlying mandamus case; (3) award compensatory and punitive damages and attorney fees to the plaintiff. The defendants, Libri and E.L.D., by their attorney Lisa Madigan, have moved the court for an order dismissing the plaintiff's claim for the following reasons: (1) this court lacks subject-matter jurisdiction over the plaintiff's claim under the Rooker-Feldman Doctrine; (2) the plaintiff fails to state a claim upon which relief can be granted because a) he is collaterally estopped from proving prejudice and b) his claim is barred by *Heck v. Humphrey* and c) the defendants are entitled to qualified immunity.

## MOTION TO DISMISS STANDARD

It is well established that *pro se* complaints are to liberally construed. *Haines v. Kerner*, 404 U.S. 519 (1972), *reh'g denied,* 405 U.S. 948 (1972). *See also Tarkowski v. Robert Bartlett Realty Company*, 644 F.2d 1204 (th Cir. 1980). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Gregory v. Nunn*, 895 F.2d 413, 414 (7th Cir. 1990).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Bethlehem Steel Corp. v. Bush*, 918 F.2d 1323, 1326 (7th Cir. 1990). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Tarkowski,* 644 F.2d at 1207 quoting *Littleton v. Berbling*, 468 F.2d 389 (7th Cir. 1972).

## ALLEGATIONS

The plaintiff alleges he was convicted by the Tamms Adjustment Committee of violent assault on June 26, 2002. The plaintiff was sentenced to indeterminate segregation, restitution of $3,619.75 to the state of Illinois, and one year revocation of good conduct credit. The plaintiff further claims that in May of 2004 in *People v. Burdunice,* 811 N.E. 2d 678, the Illinois Supreme Court held that Public Act 89-688 violated the Single-Subject Clause of the Illinois Constitution. The plaintiff further alleges that in March of 2004, he filed the mandamus complaint *Young v. Walker*, No. 05-MR-147, in the Circuit Court of Sangamon County. The plaintiff sought to expunge his sentence on the basis of the invalidity of the procedures used in his disciplinary hearing.

The plaintiff claims the defendants failed to notify him of the final judgment in his mandamus case until 144 days after its entry.[1] The plaintiff alleges that the defendants' failure to notify him of the final judgment in that case prevented him from filing a timely

---

[1] The court notes that the plaintiff attached a copy of the court docket of the Sangamon County Circuit Court in his response to the defendants' motion to dismiss. See Exhibit 1 [23]. The docket entry for August 12, 2005 indicates that the plaintiff was present at the telephonic hearing where the motion to dismiss was granted by the Sangamon County Circuit Court. Thus, the court docket reflects that the plaintiff knew his case was dismissed on August 12, 2005.

notice of appeal which in turn led to the dismissal of the plaintiff's claim by the Illinois Appellate Court. The plaintiff thereby claims that the defendants, in failing to notify him of the final judgment in his case, denied him a review of the original merits of his claim. The plaintiff further alleges that the defendants' actions violated his rights under the First and Fourteenth Amendments to the United States Constitution by depriving him of his right of access to the court, due process of the law and equal protection of the law.

DISCUSSION AND CONCLUSION

**I. Plaintiff's Claim is Barred by *Heck v. Humphrey***

In order to recover damages under 42 U.S.C. § 1983 for an allegedly unconstitutional conviction or imprisonment or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, the plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeus corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87. In a case such as *Heck*, when "the prisoner is complaining about being hindered in his efforts to get his conviction set aside, the hindrance is of no consequence if the conviction was valid, and so he cannot get damages until the conviction is invalidated." *Hoard v. Reddy*, 175 F.3d 531, 534 (7th Cir. 1999). The *Heck* rule applies to prison disciplinary proceedings, where the damages remedy for the alleged violation would necessarily imply the invalidity of the imposed punishment. *See Edwards v. Balisok,* 520 U.S. 641, 645 (1997).

The allegation of misconduct by the defendants in the present case is analogous to the injury described in *Hoard* because it is based upon a hindrance in the plaintiff's efforts to have his prison disciplinary conviction set aside. In a such a claim, *Heck* therefore applies and the plaintiff must have his disciplinary sentence set aside before any damages are available in a civil rights action under 42 U.S.C. § 1983. As the plaintiff has not shown that his underlying sentence has been invalidated pursuant to *Heck,* his claim is thereby barred from redress in this Court. Additionally, in light of the plaintiff's failure to comply with *Heck,* it is therefore unnecessary to address the additional claims in the plaintiff's complaint.

**It is therefore ordered:**

**1.      Based on *Heck v. Humphrey*, 512 U.S. 477, 486-87 and *Edwards v. Balisok,* 520 U.S. 641, 645 (1997), the defendants' motion to dismiss [20] is granted. The**

**clerk of the court is directed to terminate this lawsuits in its entirety, forthwith.**

**Entered this 22nd day of September, 2009.**

<u>s\Harold A. Baker</u>
_____
Harold A. Baker
United States District Judge